## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Debra Faye Pierce, | Court File No. 22-cv-00441 (JMB/LIB) |
| Plaintiff, | PETITION OF DEBRA FAYE PIERCE FOR DISTRIBUTION OF |
| vs. | SETTLEMENT PROCEEDS PURSUANT TO |
| Itasca County, et al., | MINN. GEN. R. PRACT. 144.05 |
| Defendants. | |

I, Debra Faye Pierce, declare under penalty of perjury that the following is true ad correct:

1. My name is Debra Faye Pierce. I am the mother of Danica G. Winslow, who died while in the custody of Itasca County Jail on March 27, 2019. At the time of her death, Danica was only 36-years-old.

2. On August 28, 2020, I was appointed as Trustee for Danica G. Winslow's heirs and next of kin by Hennepin County District Court. Attached hereto as **Exhibit 1** is a true and correct copy of the Order of Hennepin County District Court appointing me as Trustee for the heirs and next of kin of Danica G. Winslow pursuant to Minn. Stat. § 573.01-573.02. The purpose and scope of my appointment was to "pursue any and all available causes of action on behalf of Decedent and/or arising out of Decedent's death to the extent permitted by state and/or federal law." (Ex. 1.)

1

3. Pursuant to Minn. Stat. § 573.01-573.02, Danica G. Winslow's "heirs and next of kin" consist of the following persons:

   a. Debra Faye Pierce (Danica's mother);

   b. Daniel Winslow (Danica's father);

   c. Lukus Karlstad (Danica's brother);

   d. FancyNancy P. Stephens (formerly FancyNancy P. Winslow) (Danica's sister);

   e. Sandra A. Otteson Goldberg (Danica's sister);

   f. Raymond B. Edel (Danica's brother).

   Attached hereto as **Exhibit 2** is a true and correct copy of the Application and Petition of Debra Faye Pierce for Appointment as Trustee for the Heirs and Next of Kin of Decedent Danica G. Winslow. This petition was filed in Hennepin County District court prior to my appointment as Trustee and identifies all of Danica's heirs and next of kin. Danica was not married at the time of her death and did not leave a surviving spouse. Besides the heirs and next of kin identified above, no other person has notified me in writing or otherwise of a claim for pecuniary loss arising from Danica's death.

4. In April of 2019, I retained the Law Office of Zorislav R. Leyderman to investigate Danica's death and pursue a wrongful death action against any persons or entities responsible for her death. Attached hereto as **Exhibit 4** is a true and correct copy of our retainer agreement.

5. On February 16, 2022, Zorislav R. Leyderman, Esq., commenced a wrongful death/civil rights action in this Court against three sets of Defendants who were responsible for Danica's care while she was detained in Itasca County Jail in March of 2019. The three sets of Defendants are as follows:

    a. Itasca County and its staff ("Itasca County Defendants");

    b. Advanced Correctional Healthcare, Inc., and its staff ("ACH Defendants"); and

    c. Grand Itasca Clinic and Hospital and its staff ("GICH Defendants").

The specific involvement of all of the Defendants in providing care for Danica while she was detained at Itasca County Jail is set forth in detail in our Complaint (Doc. No. 1) and First Amended Complaint (Doc. No. 39).

6. On February 20, 2025, after a lengthy period of negotiations, I was able to reach a settlement with the Itasca County Defendants in the total amount of $75,000. Per the terms of the settlement, I agreed to petition this Court for distribution of settlement proceeds pursuant to Minnesota state law.

7. I am now submitting this Petition, pursuant to Minn. Gen. R. Pract. 144.05, to respectfully request that the Court order distribution of settlement proceeds with the Itasca Defendants as outlined in detail below.

8. After we reached a settlement with the Itasca Defendants, I took some time to consider how the settlement funds should be disbursed and consulted with all of Danica's heirs and next of kin. After careful consideration, I respectfully request that the settlement proceeds be disbursed as follows:

3

a. **$9,678.72** to Debra Faye Pierce, Danica's biological mother.

b. **$6,083.63** to Daniel Winslow, Danica's biological father.

c. **$9,678.72** to Lukus Karlstad, Danica's brother.

d. **$9,678.72** to FancyNancy P. Stephens (formerly FancyNancy P. Winslow), Danica's sister.

e. **$9,678.72** to Sandra A. Otteson Goldberg, Danica's sister.

f. **$0.00** to Raymond B. Edel, Danica's brother.

g. **$30,201.49** to The Law Office of Zorislav R. Leyderman for attorney's fees and past costs/litigation expenses ($30,000.00 for attorney's fees and $201.49 for outstanding costs/litigation expenses). Attached hereto as **Exhibit 3** is a true and correct copy of a billing invoice documenting all out-of-pocket litigation costs and expenses incurred by The Law Office of Zorislav R. Leyderman from commencement of legal representation through settlement with the Itasca County Defendants.

9. I will next explain the reasoning behind my proposed distribution plan:

a. **Attorney's Fees / Costs:** As noted above, I retained Mr. Leyderman to provide legal representation in this matter shortly after Danica died. Our retainer agreement calls for a 40% continent fee plus recovery of any out-of-pocket costs and expenses incurred by The Law Office of Zorislav R. Leyderman. As noted above, Danica was only 36-years-old when she died. Her death was investigated by local authorities. The outcome of these investigations produced no information as to why my

4

daughter ended up dying while under the care of law enforcement (Itasca County), a private correctional medicine contractor (ACH), and a private emergency medicine provider (GICH).

Once I retained Mr. Leyderman, he immediately initiated and brought to completion an exhaustive independent investigation into Danica's death which established a cause of death and provided answers to my family that the government agencies charged with investigating Danica's death were unable provide. Shortly after he was retained, Mr. Leyderman retained a team of medical experts to review Danica's case and determine the cause of death. Specifically, Mr. Leyderman retained an independent internal medicine specialist, an emergency medicine specialist, a physician assistant expert, a medical doctor specializing in correctional health, and a correctional nursing expert. These medical experts conducted an intensive review of Danica's death and conditions of confinement and concluded, with certainty, that (1) Danica died from untreated and undiagnosed staphylococcus aureus sepsis and infective endocarditis and (2) that she would have survived this condition if she had received proper medical care.

After commencing litigation, Mr. Leyderman has continued to work hard on getting my family justice for Danica's death. Through extensive work with the various medical experts, Mr. Leyderman

5

obtained and produced a total of five expert witness reports documenting and establishing the lack of medical care Danica received from the various jail and private providers as well as her expectancy of survival had she received proper medical care. Mr. Leyderman has gathered and studied thousands of pages of records through the discovery process and has taken a total of 18 depositions to prepare this case for trial.

After completion of discovery, Mr. Leyderman spent numerous hours reviewing and analyzing all of the evidence, deposition transcripts, expert discovery, and video recordings to defend my case against Defendants' motions for summary judgment. As expected, the Itasca County Defendants did file for summary judgment and Mr. Leyderman drafted and submitted a comprehensive response. On January 23, 2025, this Court denied the Itasca County Defendants' motion for summary judgment, which gave us a sense of justice and accountability over Danica's death. The Itasca County Defendants expressed an interest in settling this case only after this Court denied their motion for summary judgment.

Over the course of our work together, Mr. Leyderman has always made himself available to me at all times both during and after business hours as well as weekends. I have reviewed Mr. Leyderman's costs invoice, which accurately reflects his firm's litigation expenses

related to our case and which his firm is entitled to recover per our retainer agreement. Mr. Leyderman's firm earned its contingent fee and is entitled to recover all out-of-pocket expenses as documented in the attached exhibit. Therefore, I respectfully request that the Court order disbursement of **$30,201.49** to The Law Office of Zorislav R. Leyderman for attorney's fees and costs/litigation expenses.

b. **$6,083.63 to Daniel Winslow (Danica's father):** My proposed distribution plan calls for payment of **$6,083.63** to Daniel Winslow. Daniel Winslow is in agreement with my proposed distribution plan.

c. **$0.00 to Raymond Edel (Danica's brother):** We have consulted with Raymond Edel regarding the distribution of the settlement proceeds and he has agreed not to receive any portion of the settlement proceeds because he did not have a significant relationship with Danica during her life. Raymond Edel is in agreement with my proposed distribution plan.

d. **Equal Distribution of the Remaining Funds:** My proposed distribution plan calls for equal distribution of the remaining funds between the remaining heirs, which include Debra Faye Pierce (Danica's mother (myself)), Lukus Karlstad (Danica's brother), FancyNancy P. Stephens (formerly FancyNancy P. Winslow (Danica's sister)), and Sandra A. Otteson Goldberg (Danica's sister). I have consulted with all of these heirs and they are all in agreement with my

proposed distribution plan. Therefore, I respectfully request that the Court order equal disbursement of the remaining funds (**$9,678.72** per person) between myself and Lukus Karlstad, FancyNancy P. Stephens, and Sandra A. Otteson Goldberg.

10. I am also filing herewith signed declarations from all of the heirs and next of kin confirming that they are in agreement with my proposed distribution plan. Attached hereto as **Exhibits 5-9** are true and correct copies of signed declarations by all of the heirs and next of kin confirming that they are in agreement with and seeking approval of my proposed settlement distribution plan.

11. For all of these reasons, I respectfully request that the Court grant this Petition and approve my proposed distribution plan.

I declare, under penalty of perjury, that everything stated in this document is true and correct.

Date: 6/18/2025

Debra Faye Pierce, Affiant